**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Mohammed Ibn Akbar, | ) | No. CIV 06-781-PHX-EHC (GEE) |
| Petitioner, | ) ) | **REPORT AND** |
| | ) | **RECOMMENDATION** |
| vs. | ) ) | |
| Ivan Bartos, et al., | ) ) | |
| Respondents. | ) ) | |
| _____ | ) | |

On March 17, 2006, Mohammed Ibn Akbar, an inmate currently confined in the Arizona State Prison Complex in Buckeye, AZ, filed a pro se Petition for Writ of Habeas Corpus pursuant to Title 28, United States Code, Section 2254. (Petition.); [#1][1]  Before the court are the Petition for Writ of Habeas Corpus and the respondents' Answer.

Pursuant to the Rules of Practice of this Court, this matter was referred to Magistrate Judge Edmonds for report and recommendation. The Magistrate Judge recommends the District Court, after its independent review of the record, enter an order dismissing the Petition for Writ of Habeas Corpus.  It is time-barred and fails to raise a cognizable claim.

//

//

---

[1]  Clerk's record number.

1    Summary of the Case

2        On October 30, 1986, Akbar[2] was sentenced in Maricopa County Superior Court on one

3    court of armed robbery and one count of aggravated assault.  (Respondents' Answer, p. 2.)  The

4    court imposed concurrent sentences of life with eligibility for parole after 25 years.  *Id.*  These

5    were "flat-time" sentences to be served "day-for-day."  *Id.*  In other words, Akbar was not

6    eligible for "good-time" sentencing credits.  *Id.*

7        Akbar filed a direct appeal and three petitions for post-conviction relief challenging his

8    conviction and sentence.  *Id.*, pp. 2-3.

9        In 1994, the statute[3] under which Akbar was sentenced was amended replacing the life

10    sentence, which Akbar received, with a minimum term of years.  (Respondents' Answer, pp.

11    3-4.)  To ameliorate the disparity between sentences imposed before and after the amendment,

12    the legislature enacted the Disproportionality Review Act which allowed the Arizona Board of

13    Executive Clemency (the Board) to review sentences awarded before the amendment and

14    recommend commutation to the governor if appropriate.  *Id.*

15        The Board reviewed Akbar's sentences and recommended they be commuted as follows:

16    Counts 1 should be commuted from life to 27.5 years; Count 2 should be commuted from life

17    to 21 years.  (Respondents' Answer, p. 4.)  The Board made no recommendation concerning

18    whether or not Akbar should be eligible for "good-time" sentencing credits.  *Id.*

19        The governor's office purportedly rejected the recommendation. (Respondents' Answer,

20    pp. 4-5.)  This rejection, however, was procedurally inadequate, and the commutation became

21    effective automatically.  *Id.*; *See also McDonald v. Thomas*, 202 Ariz. 35, 46, 40 P.3d 819, 830

22    (2002).  The Arizona Department of Corrections recalculated Akbar's sentences assuming they

23    were still to be served "flat-time."  *Id.*, p. 5.

24

25

26        ───────────

27        [2]  The record below reflects Akbar's former name – Jack Robinson.

28    [3]  A.R.S. § 13-604.01(A) (Supp. 1982), later renumbered as A.R.S. § 13-604.02 by 1985 Ariz.
      Sess. Laws, ch. 364, § 5.  (Respondents' Answer, Exhibit 6, p. 2.)

1    On September 19, 2002, Akbar filed a habeas corpus petition in the trial court arguing

2    his sentences should be eligible for "good time" credits. (Respondents' Answer, Exhibit 18, p.

3    1.) On November 1, 2002, the trial court dismissed the petition as procedurally barred pursuant

4    to Ariz.R.Crim.Proc. 32.2(a). *Id.*, Exhibits 17, 19. Akbar filed a petition for review with the

5    Arizona Court of Appeals, but that court dismissed the appeal as untimely. *Id.*, Exhibit 19.

6    Akbar failed to prosecute his appeal any further. (Respondents' Answer, pp. 5-6.)

7    On March 17, 2006, Akbar filed the instant Petition for Writ of Habeas Corpus in U.S.

8    District Court. He argues the Board intended that he be eligible for "good time" sentencing

9    credits.

10    In their Answer, the respondents argue Akbar's claim does not assert a Constitutional

11    question subject to federal habeas review.   In the alternative, the respondents argue Akbar's

12    claim was not exhausted and is now procedurally defaulted.  Finally, the respondents argue

13    Akbar's petition is time-barred.

14    The petition should be dismissed; it is time-barred.  In the alternative, the petition should

15    be dismissed because it does not raise a cognizable claim.  The court does not reach the

16    respondents' exhaustion argument.

17

18    Discussion

19    The writ of habeas corpus affords relief to persons in custody in violation of the

20    Constitution or laws or treaties of the United States.  28 U.S.C. § 2241.  The petition for writ

21    of habeas corpus must be filed within the applicable statute of limitations, or it will be

22    dismissed. *Id.*  The statute of limitations reads in pertinent part as follows:

23    (1)    A 1-year period of limitation shall apply to an application for a writ of
         habeas corpus by a person in custody pursuant to the judgment of a State
24         court.  The limitation period shall run from the latest of--

25         (A)    the date on which the judgment became final by the conclusion of
                direct review or the expiration of the time for seeking such review;
26

27                    *   *   *

28

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Akbar argues the Arizona Department of Corrections (ADOC) failed to accurately calculate his sentence after it was commuted.  The statute of limitations is triggered by section 2244(d)(1)(D).

Assuming arguendo Akbar proceeded with due diligence, the latest point at which he became aware of ADOC's error was on September 19, 2002, when he filed his habeas corpus petition in the trial court arguing his sentences should not be served "flat-time."  (Respondents' Answer, Exhibit 18, p. 1.)  The limitation period would ordinarily begin to run the next day, on September 20th,  but it was tolled because Akbar's petition was pending at this time.  *See* 28 U.S.C. § 2244(d)(2).  Tolling continued until the petition was denied on November 1, 2002.  *See Id.*, Exhibit 17.  The one-year limitation period began to run the next day.  Akbar's appeal was not properly filed so it does not toll the limitation period.  *See Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) (An untimely appeal is not properly filed.); *See also Evans v. Chavis*, 546 U.S. 189 (2006) (Interval tolling does not apply where the subsequent appeal is not timely.); *Greer v. Arizona Atty. Gen.*; 2006 WL 2553403 (D. Ariz. 2006) (same).  The limitation period ran out one year later on November 1, 2003.

The instant petition was filed on March 17, 2006.  It is time-barred and should be dismissed.

In the alternative, the court may reach the merits of the petition, the respondents' exhaustion argument not withstanding.  *See* 28 U.S.C. § 2254(b)(2); *Franklin v. Johnson*, 290 F.3d 1223, 1232 (9th Cir. 2002).  The petition does not assert a cognizable claim; it therefore should be dismissed.

The writ of habeas corpus affords relief to persons in custody in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2241.  It does not provide a remedy for alleged errors in the interpretation or application of state law.  *Id.*

In this case, Akbar argues the state incorrectly calculated his new sentences. This failure, however, is at most an error of state law.  The writ of habeas corpus is not available to correct simple errors of state law.  *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Christian v. Rhode*, 41 F.3d 461, 469 (9th Cir. 1994).  To justify relief, Akbar must establish a violation of his federal rights, which he has not done.

A state court's misapplication of its own sentencing laws (assuming there is one here) does not violate due process thereby justifying federal habeas relief unless the petitioner can show "fundamental unfairness." *Christian v. Rhode*, 41 F.3d 461, 469 (9th Cir. 1994); *See, e.g., Hicks v. Oklahoma*, 447 U.S. 343, 346 (1980) (Sentencing pursuant to an unconstitutional statute violates due process.); *Murtishaw v. Woodford*, 255 F.3d 926, 969 (9th Cir. 2001), *cert. denied*, 535 U.S. 935 (2002) (Death sentence based on an inapplicable statute violates due process.); *United States v. Rapal*, 146 F.3d 661, 663 (9th Cir. 1998) (Vindictive sentencing violates due process.); *United States v. Hanna*, 49 F.3d 572, 576-77 (9th Cir. 1995) (Sentencing based on materially false or unreliable information violates due process.);  *Marzano v. Kincheloe*, 915 F.2d 549, 552 (9th Cir. 1990) (A sentence unauthorized by law is unconstitutional.).

In this case, Akbar cannot show his "flat time" sentences are fundamentally unfair.  He cannot show, for example, that his sentences are illegal as a matter of law or inapplicable to his particular offenses.  *See, e.g., Galaz v. Stewart*,  207 Ariz. 452, 454, 88 P.3d 166, 168 (2004) (The statute under which Akbar was sentenced mandated "flat time" sentences both before and after amendment.).  There is no federal due process violation.  The petition should be dismissed.

RECOMMENDATION

The Magistrate Judge recommends that the District Court, after its independent review of the record, enter an order DISMISSING the petition as time-barred or, in the alternative, because it fails to assert a cognizable claim. [#1]

Pursuant to 28 U.S.C. §636 (b), any party may serve and file written objections within 10 days of being served with a copy of this report and recommendation.  If objections are not timely filed, the right to de novo review may be deemed waived.

The Clerk is directed to send a copy of this report and recommendation to the petitioner and the respondents.


DATED this 1st day of December, 2006.



_____
Glenda E. Edmonds
United States Magistrate Judge